UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW PATTERSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RICARDO RIOS, Warden, )<br>)<br>Respondent. ) | Case No. 10-1265 |

## ORDER

Now before the Court is Petitioner Andrew Patterson's ("Patterson") Petition for Writ of Habeas Corpus Brought by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Petition [#1] is DISMISSED.

## BACKGROUND

On December 6, 1995, a grand jury in the United States District Court for the Northern District of Illinois returned a Superseding Indictment in which Patterson was charged with one count of racketeering conspiracy (Count One), one count of drug trafficking conspiracy (Count Two), one count of use or carry of a firearm during or in relation to a drug trafficking crime or crime of violence (Count Three), and two counts of felon in possession of a firearm (Counts Four and Five). Count Three of the indictment charged:

> Beginning in or about October 25, 1991, and continuing through January 28, 1992, at Chicago, in the Northern District of Illinois, Eastern Division,
> ANDREW PATTERSON
> also know as "Bay-Bay,"
> defendant herein, used and carried five firearms, namely:
> a Central Arms Company 12-gauge, short-barreled shotgun, serial number 87317;
> a Charter Arms .38 caliber handgun, model Undercover, serial number 63224;
> a Vesta .380 caliber handgun, serial number 128082;
> a Davis Industries .380 caliber handgun, model P380, serial number AP177022;

1

>        a Harrington and Richardson .32 caliber handgun, model 732, serial
>        number obliterated;
> each on a separate occasion and each being during and in relation to the
> commission of a drug trafficking crime for which the defendant may be
> prosecuted in a court of the United States, that is, a violation of Title 21, United
> States Code, Section 846, as more fully set forth in Count Two of this indictment;
>        In violation of Title 18, United States Code, Section 924(c)(1) and Section 2.

Count Five of the indictment charged:

>        On or about October 25, 1991, at Chicago, in the Northern District of
> Illinois, Eastern Division,
>                        ANDREW PATTERSON,
>                         also know as "Bay-Bay"
> defendant herein, having previously been convicted of a crime punishable by
> imprisonment for a term exceeding one year, knowingly possessed a firearm,
> namely, a Central Arms Company 12-gauge, short-barreled shotgun, serial
> number 87317, which had been transported in interstate commerce;
>        In violation of Title 18, United States Code, Section 922(g)(1) and Section 2.

In January 1996, a jury trial commenced and lasted for almost 20 weeks. At the conclusion of the trial, Patterson was found guilty on Counts One, Two, Three, and Five. The jury returned a special verdict in which it stated that one of the firearms Patterson used and carried during and in relation to the drug trafficking offense was a Central Arms Company 12-gauge, short-barreled shotgun, serial number 87317. Patterson was sentenced to life imprisonment on Counts One and Two, 120 months on Count Three to run consecutively with the life sentence, and 120 months on Count Five to run concurrently with the life sentence. His sentence was subsequently reduced to 324 months on Counts One and Two pursuant to 18 U.S.C. § 3582 on January 23, 2009.

Patterson directly appealed his conviction and sentence, challenging the district judge's jury-selection process. The Seventh Circuit affirmed his conviction. The Supreme Court

granted *certiorari*, vacated the judgment, and remanded the case to the Seventh Circuit in light of *Apprendi v. New Jersey*. 530 U.S. 466 (2000). The Seventh Circuit, on remand, once again affirmed Patterson's conviction and sentence. On October 1, 2001, the Supreme Court denied Patterson's petition for *writ of certiorari*. Patterson brought a timely motion pursuant to 28 U.S.C. § 2255 in the Northern District of Illinois on September 19, 2002, claiming: 1) there was no evidence of an agreement between Patterson or any other defendant to carry out a RICO violation or scheme, 2) he was deprived of his Fifth and Sixth Amendment rights to a valid indictment, 3) trial counsel committed prejudicial error by failing to object to the prosecution's use of illegally obtained phone tapes, and 4) trial counsel failed to object to the jury instructions on RICO, bribery, and the prosecution's failure to inform the jury of sentencing reductions as to other defendants. His § 2255 motion was denied as was a certificate of appealability. He appealed the denial, and the Seventh Circuit dismissed it. In 2007, Patterson filed a motion for relief from judgment in his criminal case, arguing that an illegal sentence was imposed on him on Count Five, and that the judgment against him was otherwise void. The Northern District construed it as a § 2255 Motion and denied it as untimely. He then proceeded to file a petition for writ of habeas corpus pursuant to § 2241 in the Central District of Illinois, claiming that the sentencing court was without jurisdiction to impose a life sentence on Count Five. The court determined that Patterson's § 2241 petition was really a § 2255 motion and denied it as untimely.

Most recently, Patterson filed the instant Petition for Writ of Habeas Corpus pursuant to §2241, arguing: 1) that this Court has jurisdiction to consider his § 2241 petition because he meets the "savings clause" of § 2255 by demonstrating that § 2255 is neither adequate nor effective to address his new claims, and 2) that his conviction under § 924(c)(1)(B)(i) violates

3

the Fifth and Sixth Amendments because the jury was prohibited from considering all the elements of the offense charged in Count Three. The Government has filed its Response to which Patterson replied, and this Order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992).

In this § 2241 Petition, however, Patterson does not challenge the circumstances of his confinement. Rather, he attacks the validity of his sentence and asks this Court to vacate his sentence and conviction on Counts Three and Five. Accordingly, this Petition involves a collateral attack on Patterson's sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255.

However, Patterson has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless he first obtains permission from the Court of Appeals to bring a successive motion or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. *Gray-Bey v. United States*, 209 F.3d 986, 988-90 (7th Cir. 2000); *In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998). Patterson does not indicate, and the record does not provide that Patterson sought to obtain permission from the Court of

Appeals to bring a successive motion, thus leaving only the latter option.

In *Davenport*, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated. *Id.* at 611-12. The "savings clause" of § 2255 that Patterson relies upon provides that an application for writ of habeas corpus will not be entertained by a prisoner who has already been denied relief by the sentencing court, unless § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e). That requires that he satisfy the conditions set forth in *Davenport*, and that the legal theory he advances supports a non-frivolous claim of actual innocence. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Patterson argues that the Court has jurisdiction to consider his § 2241 habeas petition because he seeks to challenge his 1996 conviction based upon the recent United States Supreme Court case of *United States v. O'Brien*. 130 S.Ct. 2169 (2010). He contends that *O'Brien's* holding that the type of firearm is an element of the offense under § 924(c) that must be proven to the jury beyond a reasonable doubt is a change in the law which allows this Court to consider his habeas petition under *Davenport*. He further states that because he is also claiming actual innocence, he has made the requisite showing that § 2255 is inadequate and ineffective to present

5

the claims he now raises in his § 2241 petition. The Government argues that Patterson cannot satisfy the requirements of *Davenport*, nor does his legal theory support a non-frivolous claim of actual innocence.

In *O'Brien*, the Supreme Court considered whether the fact that the firearm in that case was a machinegun was an element to be proved to the jury beyond a reasonable doubt, or a sentencing factor to be proved to the judge at sentencing under 18 U.S.C. § 924(c). 130 S.Ct. at 2172. The Court discussed its previous holding in *Castillo v. United States*, in which it determined that the firearm type was an element of the offense to be proved to the jury under a previous version of § 924. *Castillo*, 530 U.S. 120, 131 (2000). The *O'Brien* court ultimately held that the analysis and holding of *Castillo* controlled the case, so the machinegun provision of § 924(c)(1)(B)(ii) was an element of the offense. *O'Brien*, 130 S.Ct. at 2180. The *O'Brien* Court did not state that that case was retroactive, nor can this Court find any cases in which it has been applied retroactively. Such a fact is fatal to Patterson's claim that this Court has jurisdiction to consider the merits of his § 2241 petition under *Davenport*.

Even if *O'Brien* did apply retroactively to Patterson's criminal proceedings, the Northern District of Illinois applied § 924(c) in accordance with the *O'Brien* Court's holding. Count Three of the indictment charged Patterson with using and carrying five firearms, including a Central Arms Company 12-gauge, short-barreled shotgun. Furthermore, the jury filled in a special verdict form in which they indicated their conclusion that Patterson "used and carried during and in relation to the drug trafficking crime charged in Count Two . . ." all five of the previously listed firearms. Contrary to what Patterson contends, the indictment and jury instructions properly set for the specific elements, including the firearm type, of the offense he

was charged with and convicted of in Count Three. It was clearly the jury, at the trial, that considered firearm type as an element of the offense with which Patterson was charged in Count Three.

The Government next argues that Patterson's legal theory does not support a non-frivolous claim of actual innocence because even if Patterson admitted to everything charged in Count Three of his Superseding Indictment, it would still be a crime under § 924(c)(1). *See Kramer*, 347 F.3d at 218 (explaining previous cases in which actual innocence was found where the prisoners "could admit everything charged in their indictment, but the conduct no longer amounted to a crime under the statutes (as correctly understood)"). In his Reply Brief, Patterson strenuously argues that he clearly asserts a claim of actual innocence, given *O'Brien*'s holding that firearm type is an element under § 924(c)(1)(B)(i) and the Government's failure to prove to the jury that Patterson possessed knowledge of the proscribed features of the shotgun he was determined to have used. Patterson states that it "logically follows that [§ 924(c)(1)(B)(i)] also has a *mens rea* requirment [sic] that must be satisfied in assigning guilt," as a result of the *O'Brien* holding. Petitioner's Reply Brief at 3. Nevertheless, *O'Brien* only went so far as to say that the machinegun provision in § 924(c)(1)(B)(ii) was an element of an offense. 130 S.Ct. at 2180. The *O'Brien* court did not address the issue of whether the government would have to additionally prove that the defendant knew the firearm was in fact a machinegun. Ultimately, Patterson's reliance upon *O'Brien* in order to establish his actual innocence fails where he cannot overcome that fact that a jury found him guilty of all the required elements under § 924(c)(1)(B)(i).

Finally, the Government contends that Patterson cannot invoke the savings clause of §

2255 to proceed under § 2241 because he does not rely on a change in the law that postdates his first § 2255 motion. *See Kramer*, 347 F.3d at 217 (explaining that to proceed with a collateral attack under § 2241, the petitioner must first show that the legal theory he advances relies on a change in the law that postdates his first § 2255 motion, in addition to showing that it eludes permission in § 2255 for successive motions). Indeed, the *Castillo* court had determined in 2000 that the analogous machinegun provision in a previous version of § 924(c)(1) was an element of the offense to be proved to the jury. 530 U.S. at 131. The previous, 1988 version of § 924(c)(1) was actually the version under which Patterson was convicted. Patterson's argument that a *mens rea* requirement must be satisfied if the firearm type is an element under § 924(c)(1), was available at the time *Castillo* was decided. Because Patterson filed his first § 2255 motion in September of 2002, his current arguments were already available under *Castillo*. Thus, his failure to include those arguments in his first § 2255 motion means he cannot make the required showing that the legal theory he advances relies upon a change in law that postdates his first § 2255 motion and so he cannot proceed under § 2241.[1]

Though it is far from clear, it appears that Patterson's contention that his convictions and sentences on Counts Three and Five must be vacated is based upon the same set of arguments. The Government takes the position that Patterson's argument regarding Count Five is undeveloped and without merit, and that the *O'Brien* court did not address, let alone announce any change in the law with respect to § 922(g)(1) (the statute pursuant to which Patterson was charged and found guilty of in Count Five). Just as Patterson's arguments fail to establish that §

---

[1] In his Reply, Patterson argues that *O'Brien* and its rule was previously unavailable to him. He misses the point that *O'Brien* reaffirmed what had already been set out in *Castillo*, a Supreme Court case already available in 2002 at the time Patterson filed his first § 2255 motion.

8

2255 was inadequate or ineffective to test the legality of his detention under Count Three as discussed above, those arguments fail to establish § 2255's inadequacy or ineffectiveness to test the legality of his detention under Count Five of his Superseding Indictment. Accordingly, Patterson's § 2241 petition is dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons set forth above, Petitioner Andrew Patterson's Petition for Writ of Habeas Corpus Brought by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 [#1] is DISMISSED for lack or jurisdiction.

ENTERED this 14th day of April, 2011.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge